UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO: 5:24-CR-063-H-BV-1 |
| | § | |
| MAXIMILIANO ERAZO-SABILLON | § | |

REPORT AND RECOMMENDATION
REGARDING GUILTY PLEA

The defendant previously appeared with counsel for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure. Dkt. Nos. 16-19, 21-22; *see also United States v. Dees,* 125 F.3d 261 (5th Cir. 1997). The undersigned magistrate judge submitted a Report and Recommendation under 28 U.S.C. § 636(b)(3) that the defendant's guilty plea to Count One of the Indictment—Illegal Reentry After Deportation—be accepted. Dkt. No. 22. However, prior to sentencing, it became clear that the defendant had been wrongly advised regarding the potential penalties associated with his offense, so United States District Judge Hendrix James Wesley Hendrix rereferred the case for additional proceedings. Dkt. Nos. 32, 33, 35.

The parties advised the Court that the defendant wished to persist in his plea of guilty under the terms of his current plea agreement despite the change in the penalty range. Accordingly, the parties agreed to update the current plea documents by striking through the erroneous information, writing in the correct penalty range, and having the defendant initial those revisions to his plea documents.

The defendant appeared with counsel on March 3, 2025, and submitted the revised plea documents. The defendant was placed under oath and examined. The undersigned magistrate judge explained to the defendant that, at the time he entered his guilty plea, he was incorrectly advised of the penalty provisions. He was then advised of the correct penalty provisions. The defendant confirmed that he wished to persist in his plea of guilty under all the same terms and conditions that he previously affirmed under oath. The defendant specifically affirmed the continued knowing and voluntary nature of his plea, and he reaffirmed his Plea Agreement and Factual Resume, as revised to reflect the correct statutory provisions. Accordingly, I find that:

1. The defendant, upon advice of counsel, consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. The defendant fully understands the nature of the charges, including each essential element of the offense(s) charged, and the associated penalties;

3. The defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. The defendant understands all his/her constitutional and statutory rights and wishes to waive these rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. The defendant's plea is made freely and voluntarily;

6. The defendant is competent to enter this plea of guilty;

7. There is a factual basis to support this plea; and

8. The ends of justice are served by acceptance of the defendant's plea of guilty.

Based on the above, I recommend that the defendant's guilty plea be accepted, that the defendant be adjudged guilty, and that sentence be imposed accordingly. Although I have conducted these proceedings and accepted the defendant's guilty plea, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. The defendant was advised that, if he were to have any objections to these findings or any other action of the undersigned, he must make those known to the United States District Judge within fourteen (14) days of today. The defendant advised that he has signed a written waiver of the 14-day objection period.

Signed March 3, 2025.

_____
**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**